UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JAMIE M. TURNEY,                      )
                                      )  No. CV-10-211-CI
            Plaintiff,                )
                                      )  ORDER GRANTING DEFENDANT'S
v.                                    )  MOTION FOR SUMMARY JUDGMENT
                                      )  AND DENYING PLAINTIFF'S
MICHAEL J. ASTRUE,                    )  MOTION FOR SUMMARY JUDGMENT
Commissioner of Social                )
Security,                             )
                                      )
            Defendant.                )

BEFORE THE COURT are cross-Motions for Summary Judgment. (ECF No. 15, 23.) Attorney Maureen J. Rosette represents Jamie Turney (Plaintiff); Special Assistant United States Attorney Terrye E. Shea represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. (ECF No. 7.) After reviewing the administrative record and briefs filed by the parties, the court **DENIES** Plaintiff's Motion for Summary Judgment, and directs entry of judgment for Defendant.

**JURISDICTION**

Plaintiff protectively filed for a period of disability and disability insurance benefits (DIB) on October 11, 2005. (Tr. 14, 75-77.) She alleged disability due to anxiety and panic attacks, poor memory, inability to concentrate or focus, constant severe depression, anger and outbursts, problems sleeping, leg swelling, chronic diarrhea and nausea, back pain and carpal tunnel syndrome symptoms. (Tr. 161, 92.) Initially Plaintiff alleged an onset date of December 2, 2004. (Tr. 75.) At the hearing, this alleged onset

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 1

date was amended to June 15, 2005. (Tr. 731.) Her claim was denied initially and on reconsideration. (Tr. 46-48, 43-44.) Plaintiff requested a hearing before an administrative law judge (ALJ), which was held on July 22, 2008, before ALJ Hayward Reed. (Tr. 725.) Plaintiff, who was represented by counsel, medical expert Ronald Klein, Ph.D., and vocational expert Karen Black testified. (Tr. 725-775.) The ALJ denied benefits on August 22, 2008, and the Appeals Council denied review. (Tr. 14-35, 2-4.) The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

## STATEMENT OF THE CASE

The facts of the case are set forth in detail in the transcript of proceedings and are briefly summarized here. At the time of the hearing, Plaintiff was 41 years old with a high-school education and some college education but no degree. (Tr. 750, 166-67.) Plaintiff has past work experience in customer service, as a mail clerk and food server. (Tr. 161-162, 751-52.) Plaintiff testified she is single with one child. (Tr. 750.) Plaintiff stated she has had difficulty with alcohol, but stopped drinking sometime in September 2007. (Tr. 755.) In 2005, Plaintiff was employed at Washington Mutual and testified she left due to a "nervous breakdown." (Tr. 752.) Plaintiff testified she could lift about 10 or 15 pounds, sit for 20-30 minutes, and walk for a half mile before needing a break. (Tr. 760-61.) Plaintiff testified her psychological symptoms would not allow her to work. (Tr. 757.)

## STANDARD OF REVIEW

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 2

A district court's order upholding the Commissioner's denial of benefits is reviewed *de novo*. *Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000). The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Serv.*, 839 F.2d 432, 433 (9th Cir. 1988). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 3

## SEQUENTIAL EVALUATION PROCESS

Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the requirements necessary to establish disability:

> Under the Social Security Act, individuals who are "under a disability" are eligible to receive benefits. 42 U.S.C. § 423(a)(1)(D). A "disability" is defined as "any medically determinable physical or mental impairment" which prevents one from engaging "in any substantial gainful activity" and is expected to result in death or last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Such an impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The Act also provides that a claimant will be eligible for benefits only if [her] impairments "are of such severity that [s]he is not only unable to do [her] previous work but cannot, considering [her] age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . ." 42 U.S.C. § 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components.

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 404.1520(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). This burden is met once a claimant establishes that a medically determinable physical or mental impairment prevents her from engaging in her previous occupation. 20 C.F.R. § 404.1520(a). "This requires the presentation of 'complete and detailed objective medical reports of [her] condition from licensed medical professionals.'" *Meanel v. Apfel,* 172 F.3d 1111, 1113 (9th Cir. 1999).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 4

1    If a claimant cannot do her past relevant work, the ALJ
2    proceeds to step five, and the burden shifts to the Commissioner to
3    show that (1) the claimant can make an adjustment to other work; and
4    (2) specific jobs exist in the national economy which claimant can
5    perform.  20 C.F.R. § 404.1520(a)(4)(v); *Kail v. Heckler*, 722 F.2d
6    1496, 1497-98 (9th Cir. 1984).

7    Where drug or alcohol abuse (DAA) is a consideration during the
8    sequential evaluation, the Regulations implemented by the
9    Commissioner require the ALJ to follow a specific two-step analysis.
10   20 C.F.R. § 404.1535(a).  First, the ALJ must conduct the five-step
11   inquiry without attempting to determine the impact of DAA.  If the
12   ALJ finds that the claimant is not disabled under the five-step
13   inquiry, the claimant is not entitled to benefits and there is no
14   need to proceed with further analysis.  Id.  If the ALJ finds that
15   claimant is disabled, and there is evidence of substance abuse, the
16   ALJ should proceed under the sequential evaluation and § 404.1535 to
17   determine if the claimant would still be disabled absent the
18   substance abuse.  *Bustamante v. Massanari*, 262 F.3d 949, 955 (9th
19   Cir. 2001).  Plaintiff still has the burden of proving her substance
20   abuse is not a contributing factor material to the disability
21   finding.  *Ball v. Massanari*, 254 F.3d 817, 821 (9th Cir. 2001).

22                          **ADMINISTRATIVE DECISION**

23   ALJ Reed found Plaintiff's date of last insured for DIB
24   purposes was December 31, 2010.  (Tr. 16, Finding 1.)  At step one,
25   the ALJ found Plaintiff had not engaged in substantial gainful
26   activity since June 15, 2005, the alleged onset date.  (*Id.*, Finding
27   2.)  At step two, he found Plaintiff had severe impairments of
28   "bilateral carpal tunnel syndrome; drug induced mood disorder;

borderline personality disorder; and substance addiction disorders."
(Tr. 17, Finding 3.)  The ALJ determined at step three, considering
the effects of drug and/or alcohol abuse, Plaintiff's medically
determinable impairments, alone and in combination, did meet or
medically equal Listings 12.04, 12.08 and 12.09 of the listed
impairments in 20 C.F.R., Appendix 1, Subpart P, Regulations No. 4
(Listings). (Tr. 24, Finding 4.)  The ALJ then concluded Plaintiff
was disabled while actively using drugs and/or alcohol.  (Tr. 24-
25.)  The ALJ then proceeded to determine if Plaintiff's DAA was
material to the disability determination and repeated the sequential
evaluation process.  (Tr. 25-35.)

Considering Plaintiff's limitations without the effects of DAA,
the ALJ found Plaintiff continued to have severe impairments
including borderline personality disorder and bilateral carpal
tunnel syndrome.  (Tr. 25.)  The ALJ next determined Plaintiff's
impairments without DAA did not meet or medically equal one of the
impairments in the Listings.  (Tr. 26, Finding 6.)  The ALJ also
concluded Plaintiff's alleged limitations were not credible except
to the extent they pertained to periods of DAA.  (Tr. 32-33.)
Further, without DAA, Plaintiff has the residual functional capacity
(RFC) to perform less than the full range of light work as defined
in 20 C.F.R. § 404.1567(b) except she "would be limited to
occasional use of the hands of no more than 1/3 to 2/3 of the
workday" with additional mental impairments which further erode the
light occupational base.  (Tr. 27, Finding 7.)  Relying on the
testimony of a VE, the ALJ concluded Plaintiff would be able to
perform past relevant work as a mail clerk so long as DAA is absent.
(Tr. 33, Finding 8.)  The ALJ concluded because Plaintiff is not

1  disabled without DAA, DAA is a factor material to Plaintiff's

2  disability and therefore, Plaintiff is not disabled within the

3  meaning of the Social Security Act. (Tr. 35, Finding 13.)

4                               **ISSUES**

5      The question is whether the ALJ's decision is supported by

6  substantial evidence and free of legal error. Plaintiff argues the

7  ALJ erred when he: (1) rejected the opinions of Plaintiff's treating

8  and examining sources, relying instead on the testimony of medical

9  expert Dr. Klein; and (2) found Plaintiff could return to her past

10 relevant work as a mail clerk. (ECF No. 16.) Defendant contends the

11 ALJ's decision should be affirmed because it is supported by

12 substantial evidence and free of legal error. (ECF No. 24.)

13                            **DISCUSSION**

14 **A.   Medical Opinion Evidence**

15     In making his disability determination, the ALJ must consider

16 the medical evidence in the record.  20 C.F.R. § 404.1527(b).

17 Plaintiff argues the ALJ relied on the medical expert's opinion to

18 reject the opinions of Plaintiff's treating and examining sources

19 and failed to present proper reasons to support rejection of those

20 opinions. (ECF No. 16 at 16.)  The Regulations distinguish among

21 the opinions of three types of physicians: (1) sources who have

22 treated the claimant; (2) sources who have examined the claimant;

23 and (3) sources who have neither examined nor treated the claimant,

24 but express their opinion based upon a review of the claimant's

25 medical records.  20 C.F.R. § 404.1527.  A treating physician's

26 opinion carries more weight than an examining physician's, and an

27 examining physician's opinion carries more weight than a non-

28 examining physician's opinion. *Benecke v. Barnhart,* 379 F.3d 587,

592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). The contradicted opinion of a treating or examining physician may only be rejected with "specific and legitimate" reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995). To meet the burden of stating reasons to reject the opinion of a treating or examining physician, "[t]he ALJ can . . . [set] out a detailed and thorough summary of the facts and conflicting clinical evidence, [state] his interpretation thereof, and [make] findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (*quoting Cotton v. Bowen*, 799 F.2d 1403, 1408 (9th Cir. 1986)). Based on substantial evidence in the record, an ALJ may properly reject the opinion of a treating or examining physician if that opinion is not supported by the record as a whole, *Batson v. Comm'r of the Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004), or is based on the claimant's subjective complaints which the ALJ properly finds not credible. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).

However, the opinion of a nonexamining medical expert is not substantial evidence to support rejection of a treating or examining doctor's opinion. *Lester*, 81 F.3d at 831. In addition to the medical expert's testimony, the ALJ must have other evidence to support a decision to reject the opinion of a treating physician, such as laboratory test results, contrary reports from examining physicians, and testimony from the claimant that was inconsistent with the treating physician's opinion. *Magallanes*, 881 F.2d at 751-52. Further, "[w]here medical reports are inconclusive, questions of credibility and resolution of conflicts in the testimony are

functions solely of the Secretary." *Id.* at 751 (internal citations and quotations omitted).

In addition to categorizing medical sources according to relationship to claimant, the Regulations also distinguish between "acceptable medical sources" and "other sources." 20 C.F.R. § 404.1513. "Acceptable medical sources" include "licensed physicians" and "licensed or certified psychologists." 20 C.F.R. § 404.1513(a)(1), (2). "Other sources" include nurse practitioners, physicians' assistants, therapists, teachers, social workers, spouses and other non-medical sources. 20 C.F.R. § 404.1513(d). The opinion of an "acceptable medical source" is given more weight than the opinion of an "other source." 20 C.F.R. § 404.1527; *Gomez v. Chater*, 74 F.3d 967, 970-71 (9th Cir. 1996), except where consideration of the factors of 20 C.F.R. § 404.1527(d) leads to a determination the "other source" should be given greater weight than an "acceptable medical source." *Social Security Ruling*[1] ("*SSR*") 06-3p. "Other source" testimony can never establish a diagnosis or disability absent corroborating competent "acceptable medical source" evidence. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). However, the ALJ is required to "consider observations by

---

[1] Social Security Rulings are issued to clarify the Commissioner's Regulations and policy. They are not published in the federal register and do not have the force of law. However, under case law, deference is to be given to the Commissioner's interpretation of the Regulations. *Ukolov v. Barnhart*, 420 F.3d 1002, 1005 n.2 (9th Cir. 2005); *Bunnell v. Sullivan*, 947 F.2d 341, 346 n.3 (9th Cir. 1991).

non-medical sources as to how an impairment affects a claimant's ability to work." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987). Pursuant to *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993), to reject the opinion of an "other source," the ALJ must give reasons "germane" to "other source" testimony.

### 1.  *Sandi Goodwin, MSW*

Plaintiff argues the ALJ erroneously rejected Ms. Goodwin's opinion because she is a non-acceptable medical source. (ECF No. 16 at 17, 18.)  Defendant argues the ALJ's rejection of Ms. Goodwin is supported both by record evidence and Dr. Klein's medical expert testimony. (ECF No. 24 at 20.)  Because Ms. Goodwin is a therapist and not a certified psychologist or medical doctor, she is an "other source," 20 C.F.R. § 404.1513, and the ALJ may reject her opinion based on reasons germane to Ms. Goodwin which are supported by the evidence.  *Dodrill v. Shalala*, 12 F.3d at 919.

Relying on Dr. Klein's testimony, the ALJ found Ms. Goodwin's opinion was not supported by evidence in the record. (Tr. 24.)  In particular, without stating how Plaintiff's behaviors meet the DSM-IV criteria for diagnoses of Post Traumatic Stress Disorder ("PTSD") or Bipolar disorder, Ms. Goodwin found based on these diagnoses that Plaintiff had several moderate, severe and extreme limitations on her ability to work.  (*Id.*)  Because an opinion by an acceptable medical source can be rejected because it is inconsistent with the record, *Batson v. Comm'r*, 359 F.3d at 1195, the ALJ's stated reason for rejecting Ms. Goodwin's opinion is germane to her and proper if supported by substantial evidence.

The record does not support diagnoses for either PTSD or bipolar disorder or the level of limitations associated with the

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 10

diagnoses.   As Dr. Klein explained, there is no mention of how Plaintiff's behavior fits the criteria for either PTSD or bipolar disorder.  (Tr. 736.)  In addition, the ALJ found Plaintiff's work history did not support the limitations Ms. Goodwin found, based on the opinions of Drs. Holmes and Klein. (Tr. 20, 22, referring to Tr. 478-87,  734.)   The record does not show Plaintiff has had psychiatric hospitalizations which Dr. Holmes notes would be expected with the disorders and limitations found by Ms. Goodwin. (Tr. 20, referring to 478-87.) As a result, the ALJ concluded the limitations alleged by Ms. Goodwin were not supported by the evidence.  Because the ALJ properly rejected Ms. Goodwin's opinion as inconsistent with the record, the ALJ's rejection of Ms. Goodwin's opinion is proper.

### 2.   James Salmon, M.D.

Dr. Salmon gave an opinion and supplied medical records regarding Plaintiff's ability to work.  (Tr. 391-92, 442-65.)  In August 2005, Dr. Salmon found Plaintiff would be unable to work due to disability from June 15, 2005 to January 15, 2006.  (Tr. 464.) Because Dr. Salmon's opinion Plaintiff is disabled is contradicted by other medical opinions, the ALJ must state "specific and legitimate" reasons to reject this opinion.

Here, the ALJ briefly summarized Dr. Salmon's opinion and records.  (Tr. 17, 30.)  While it is error to ignore opinion evidence, an ALJ may meet the burden of stating specific and legitimate reasons to reject an opinion by summarizing the evidence, interpreting it and stating a conclusion. *Magallanes v. Bowen*, 881 F.2d at 751.  As to Dr. Salmon, the ALJ notes Dr. Salmon found Plaintiff's reported psychotic symptoms and neurovegetative function

are the result of conflicts in her personal life and lack of social supports. (Tr. 30.) The ALJ also states Plaintiff's treating physician, Timothy Halm, M.D., does not support her contention she is unable to perform any work activities. (*Id.*, referring to Tr. 424.) The ALJ's decision to reject Dr. Salmon's finding Plaintiff was unable to work is both supported by the record and is a proper summary, interpretation and finding to meet the ALJ's burden to state "specific and legitimate" reasons to reject a medical opinion. Because the ALJ's summary, combined with interpretations made throughout the hearing decision meets the ALJ's burden of stating specific and legitimate reasons to reject Dr. Salmon's opinion, the ALJ's rejection of this opinion is proper and the ALJ did not err.

### 3. John Arnold, Ph.D.

Dr. Arnold evaluated Plaintiff on June 21, 2006. (Tr. 332-36.) The ALJ again briefly summarized Dr. Arnold's findings. (Tr. 17-18, 30-31.) Despite Plaintiff's allegations to the contrary, Dr. Arnold found Plaintiff's ability to concentrate and memory were both good. (Tr. 31.) This shows the ALJ accepted Dr. Arnold's opinion. Dr. Arnold's opinion only generally notes Plaintiff's difficulty in employment. (Tr. 336.) An ALJ's weighting of a medical opinion need not be done with any particular wording but rather can be found in the logical inferences drawn from the ALJ's conclusions. *Magallanes v. Bowen*, 881 F.2d at 755. Here, it is logical to find the ALJ accepted Dr. Arnold's opinion since he noted Plaintiff's ability to concentrate as found by Dr. Arnold and found non-exertional limitations due to Plaintiff's mental ability as Dr. Arnold suggests at Tr. 336. Therefore, the ALJ's handling of Dr. Arnold's opinion is not in error.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 12

1   ***4.   Minerva Arrienda, M.D.***

2       Dr. Arrienda evaluated Plaintiff based on her treatment of
3   Plaintiff at Spokane Mental Health.   (Tr. 140-42.)   In her
4   psychiatric assessment, Dr. Arrienda does not opine as to how
5   Plaintiff is limited by her mental health impairment of major
6   depressive disorder, recurrent.   In his decision, the ALJ addressed
7   Dr. Arrienda's opinion by summarizing it and noting how Plaintiff's
8   statements to Dr. Arrienda were inconsistent with her later
9   statements to Kathy Holmes, Ph.D., another provider at Spokane
10  Mental Health. (Tr. 18-19.)   Once again, logical inferences flowing
11  from the conclusions in the ALJ's decision may also be used to
12  support the ALJ's findings.   *Magallanes v. Bowen*, 881 F.2d at 755.
13  Here, it is logical to infer the ALJ rejected Dr. Arrienda's opinion
14  because it was based on Plaintiff's subjective complaints which the
15  ALJ found were both not credible and inconsistent with Plaintiff's
16  statements to other providers.   Because Dr. Arrienda's opinion
17  conflicts with that of medical expert Dr. Klein, the ALJ may only
18  reject it by providing "specific and legitimate" reasons. *Andrews v.*
19  *Shalala*, 53 F.3d at 1043.   Because it is proper to reject the
20  opinion of an examining source which is based on Plaintiff's
21  properly rejected subjective complaints, *Bayliss v. Barnhart*, 427
22  F.3d at 1217, the ALJ did not err by rejecting Dr. Arrienda's
23  opinion on this basis.   Further, because Plaintiff fails to
24  challenge the ALJ's credibility findings, the ALJ's rejection of Dr.
25  Arrienda's opinion is not in error.

26  ***5.   Kathy Holmes, Ph.D.***

27      Dr. Holmes evaluated Plaintiff in October 2006.   (Tr. 478-87.)
28  The ALJ relied heavily on Dr. Holmes' opinion when finding evidence

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 13

did not support diagnoses of PTSD, schizoaffective disorder or schizotypal personality disorder. (Tr. 20.) The ALJ specifically states he gave great weight to this opinion because Dr. Holmes "noted the claimant's substance abuse issues and pointed out discrepancies and inconsistent reporting that the claimant has provided in evaluations and counseling records." (Tr. 25.) Dr. Holmes noted Plaintiff was primarily suffering from borderline personality disorder and accompanying alcohol dependence. (Tr. 485.) The ALJ found "claimant's anxiety and personality disorder would create some limitation in her dealing with others which has been considered by the undersigned and thus set forth in the residual functional capacity." (Tr. 33.) The ALJ's RFC does include limitations related to difficulties dealing with others. (Tr. 27-33.) Because substantial evidence exists to support the ALJ's reliance on Dr. Holmes to find Plaintiff had nonexertional limitations due to her mental impairments, the ALJ's weighting of Dr. Holmes' opinion is supported by substantial evidence in the record and no legal error was made.

### 6. Dennis Pollack, Ph.D.

Dr. Pollack assessed Plaintiff in June and July 2008. (Tr. 709-20.) Dr. Pollack found a number of moderate and marked limitations in Plaintiff's ability to work and he opined she has never had a drug or alcohol problem. (Tr. 717-19.) The ALJ assigned little weight to Dr. Pollack's opinion because it is inconsistent with the record and because Dr. Pollack evaluated Plaintiff based on referral from Plaintiff's attorney and was "presumably paid for the report." (Tr. 22, 32.) As the ALJ notes, because the record shows Plaintiff used alcohol at least through

October 2007 and that Plaintiff's alcohol use was a major contributor to Plaintiff's psychological difficulties (Tr. 22), it is inconsistent with the record to find Plaintiff has never had a problem with alcohol or drugs.[2]  The record mentions Plaintiff's use of alcohol in numerous places.  (Tr. 302, 311, 444-45, 479, 484, 601, 603, 619, 623, 629, 633.)  Further, relying on Dr. Klein, the ALJ found it inconsistent to have the level of limitations found by Dr. Pollack and a fairly steady previous work history.  (Tr. 22.) It is "specific and legitimate" to reject a medical opinion which is inconsistent with the record, *Batson v. Comm'r*, 359 F.3d at 1195, and which is based on the properly rejected subjective complaints of the claimant, *Bayliss v. Barnhart*, 427 F.3d at 1217. Therefore, the ALJ's rejection on these bases is proper; however, the ALJ's reliance on the fact (1) that Dr. Pollack was paid, and (2) that Plaintiff saw him based on referral from her attorney are not "legitimate" reasons to reject Dr. Pollack's opinion.  *Lester v. Chater*, 81 F.3d at 832.  Despite these errors, because the ALJ's determination Dr. Pollack's opinion is inconsistent with the record is based on substantial evidence and is without legal error, the rejection of Dr. Pollack's opinion is proper.

---

   [2] The court also notes the record does not contain any objective evidence that Plaintiff has stopped using alcohol other than subjective reports to her mental health counselors.  In a case involving allegations of DAA, it is the Plaintiff's burden to produce evidence to support alleged sobriety. *Ball v. Massanari*, 254 F.3d 817, 821 (9th Cir. 2001).

**B.   Plaintiff's Past Relevant Work**

Plaintiff argues the ALJ erred in finding Plaintiff could return to her past relevant work as a mail clerk because the VE found this job was unsuitable for Plaintiff due to her carpal tunnel syndrome. (ECF No. 16 at 15.) Plaintiff further argues the ALJ's hypothetical to the VE did not contain all the limitations supported by the record and that if these were included, Plaintiff would be unable to work in any job in the national economy. (*Id.* at 15.) Defendant argues "Plaintiff's argument fails because the frequent handling requirements of the mail clerk job do not exceed Plaintiff's residual functional capacity for handling." (ECF No. 24 at 6.)

During the hearing, the ALJ gave a hypothetical with non-exertional limitations and light level of exertion. (Tr. 770-71.) The non-exertional limitations included good concentration except for extended concentration which may be limited, good ability to deal with more detailed material, a likelihood of distraction due to an isolated lifestyle, a need to work independently or with limited interaction with coworkers, and a limitation to only superficial public contact. (Tr. 770.) With this hypothetical, the VE testified Plaintiff's past relevant work as a mail clerk could still be performed. (Tr. 771.)

The ALJ then added the following additional limitation due to Plaintiff's carpal tunnel syndrome: "If individual's use of hands was reduced to between occasional and frequent, no more than one-third and two-thirds of the workday, what would be the impact in terms of doing ... the past work...." (Tr. 772.) (*Id.*) The VE indicated that any restriction in handling to <u>no more than</u> 1/3 of

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 16

the work day would be incompatible with Plaintiff's past relevant work as a mail clerk.  (*Id.*) (Emphasis added.)

In the Dictionary of Occupational Titles, "frequent" is defined as from "1/3 to 2/3 of the time" and "occasional" is defined as "up to one-third of the workday."  The record shows that while the ALJ used "occasional" in his hypothetical to the VE, he specifically defined the limitation on Plaintiff's handling to no more than 1/3 to 2/3 of the workday.  This specific limitation is consistent with the DOT's definition of "frequent" handling, and therefore the ALJ did not err by relying on the VE to find Plaintiff can return to her past relevant work as a mail clerk which requires no more than "frequent" handling, with frequent being no more than 1/3 to 2/3 of the workday.  *See Varity Corp. v. Howe*, 516 U.S. 489 (1996) (noting the canon of statutory construction that the "specific governs the general").  Because the ALJ's hypothetical to the VE adequately covers the limitations the ALJ found which are supported by the record, the ALJ did not err.  *Magallanes v. Bowen*, 881 F.2d 747, 757 (9th Cir. 1989) (ALJ need not accept all limitations alleged by Plaintiff so long as the "assumed facts" in the hypothetical are supported by the record).  Therefore, the ALJ's conclusion Plaintiff can return to her past relevant work as a mail clerk is not error.  Accordingly,

**IT IS ORDERED:**

1.  Plaintiff's Motion for Summary Judgment **(Ct. Rec. 15 )** is **DENIED**;

2.  Defendant's Motion for Summary Judgment **(Ct. Rec. 23)** is **GRANTED**;

1      The District Court Executive is directed to file this Order and

2  provide a copy to counsel for Plaintiff and Defendant.  The file

3  shall be closed and judgment entered for Defendant.

4      DATED October 12, 2011.

5

6                  S/ CYNTHIA IMBROGNO
                    UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 18